IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02323–EWN–PAC


SUPREME AUTO TRANSPORT, an Oklahoma corporation,

      Plaintiff,

v.

ATHENA ASSURANCE COMPANY, a Minnesota corporation,

      Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

      This is a breach of contract case.  Plaintiff Supreme Auto Transport, Inc. argues that Defendant Athena Assurance Company breached an insurance contract between the parties by refusing to defend and indemnify Plaintiff in a lawsuit.  The basis for Defendant's refusal is a named driver exclusion endorsement ("NDEE"), which Plaintiff contends is void and unenforceable.  This matter is before the court on "Defendant's Motion for Reconsideration of March 31, 2006, [sic] Order on Cross-Motions for Summary Judgment," filed April 14, 2006.  Jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1331 (2006).

**FACTS**

The facts of this case are set forth in detail in my March 31, 2006 order.  (Order and Memorandum of Decision at 2–7 [filed Mar. 31, 2006] [hereinafter "Order"].)  Familiarity therewith is thus assumed.

On July 7, 2005, Plaintiff filed a motion for partial summary judgment.  (Mot. for Partial Summ. J., Mem. Br. in Supp. of Partial Summ. J. [filed July 7, 2005] [hereinafter "Pl.'s Mot. for Summ. J."].)  Plaintiff argued it was entitled to summary judgment because: (1) Defendant's NDEE did not meet statutory notice requirements on its face; (2) no consideration supported the NDEE; and (3) Plaintiff did not receive proper notice of the NDEE.  (*Id.*)  On July 27 2005, Defendant filed a response to Plaintiff's motion.  (Def.'s Resp. to Pl.'s Mot. for Partial Summ. J. [filed July 27, 2005] [hereinafter "Def.'s Resp. to Pl.'s Mot. for Summ. J."].)  On August 4, 2005, Plaintiff filed a reply brief in support of its motion.  (Pl.'s Reply in Supp. of Mot. for Partial Summ. J. [filed Aug. 4, 2005].)

On July 11, 2005, Defendant filed a motion for summary judgment.  (Def.'s Mot. for Summ. J., Br. in Supp. of Def.'s Mot. for Summ. J. [filed July 11, 2005] [hereinafter "Def.'s Mot. for Summ. J."].)  Defendant argued it was entitled to summary judgment because: (1) Colorado law expressly provides for NDEEs; (2) Defendant's NDEE did not represent a reduction in coverage, therefore Defendant was not required to meet statutory notice requirements and the NDEE did not require consideration; and (3) to the extent the NDEE was a reduction in coverage, it was supported by consideration and Defendant gave Plaintiff sufficient notice.  (*Id.*)  On July 25, 2005, Plaintiff filed a response to Defendant's motion.  (Pl.'s Resp. to Def.'s Mot. for

Summ. J. [filed July 25, 2005].)  On August 10, 2005, Defendant filed a reply brief in support of its motion.  (Def.'s Reply Br. in Supp. of its Mot. for Summ. J. [filed Aug. 10, 2005].)

On March 31, 2006, I issued an order granting in part and denying in part Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment.  (Order.) I determined that Plaintiff was entitled to summary judgment on its claim for declaratory judgment, to the extent the claim sought a declaration that the NDEE was invalid and unenforceable.  (*Id.* at 10–22.)  Further, I determined that because neither party addressed those claims in their motions, neither party was entitled to summary judgment on Plaintiff's claims for breach of contract and for declaratory judgment, to the extent the claim sought a declaration that Defendant had a duty to indemnify and defend Plaintiff.  (*Id.* at 22–23.)

On April 14, 2006, Defendant filed a motion styled "Defendant's Motion for Reconsideration of March 31, 2006, [sic] Order on Cross-Motions for Summary Judgment." ("Def.'s Mot. for Recons. of March 31, 2006, Order on Cross-Mots. for Summ. J.," [filed April 14, 2006] [hereinafter "Def.'s Br."].)  Defendant contends that I erred in partially granting Plaintiff's motion for summary judgment because: (1) the notice requirement in Colorado Revised Statutes § 10–4–110.5 does not apply to the facts of the instant case; and (2) there was a material change in the risk supporting the NDEE.  (*Id.*)  Plaintiff did not file a response to Defendant's motion.

**ANALYSIS**

**1.      Duty To Confer**

Before turning to the substance of Defendant's motion, I address its form.  Defendant has

failed to certify that it conferred or made a reasonable good-faith effort to confer with opposing

counsel regarding the motion for reconsideration.  United States District Court for the District of

Colorado Local Civil Rule 7.1A provides:

> [t]he court will not consider any motion, other than a motion under [Federal Rule
> of Civil Procedure] 12 or 56, unless counsel for the moving party[,] . . . before
> filing the motion, has conferred or made reasonable, good-faith efforts to confer
> with opposing counsel . . . to resolve the disputed matter.  The moving party shall
> state in the motion, or in a certificate attached to the motion, the specific efforts to
> comply with this rule.

D.C. Colo. L Civ R 7.1A (2006).  Rule 7.1A clearly applies to motions to reconsider, for these

motions do not arise under Rule 12 or Rule 56 of the Federal Rules of Civil Procedure.  *M.M. v.

Zavaras*, 939 F. Supp. 799, 800 (D. Colo. 1996).  "The purpose of Rule 7.1A is to require the

parties to confer and to attempt to resolve a dispute before incurring the expense of filing a

motion and before requiring the court to address a disputed issue."  *Hoelzel v. First Select Corp.*,

214 F.R.D. 634, 635 (D. Colo. 2003).  Moreover, failure to comport with Local Rule 7.1A is

alone sufficient grounds to warrant denial of a party's motion.  *See Echostar Commc'ns Corp. v.

News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); *McCoy v. West*, 965 F.Supp. 34, 35 (D.

Colo. 1997).  In addition to the substantive reasons described below, Defendant's motion is

denied for its non-compliance with the local rules.

**2.      Standard of Review**

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration. *See Hannah v. Roadway Express, Inc.*, 200 F.R.D. 651, 653 (D. Colo. 2001). Nevertheless, such motions are generally accepted and construed under Rule 59(e), which provides that "[a]ny motion to alter or amend a judgment shall be filed no later than [ten] days after entry of judgment." Fed. R. Civ. P. 59(e) (2006). Consideration of Defendant's motion under Rule 59(e) is premature, as no judgment has been entered in this case. *See* Fed. R. Civ. P. 58 (2006).

An alternative basis for a motion for reconsideration is Rule 60, which allows for motions for relief from judgment or order. Specifically, Rule 60 states that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (2005). Defendant's motion is, in essence, a motion for relief from my March 31, 2006 order. Defendant does not allege that it discovered new evidence or fraud, and does not contemplate voidness or satisfaction of judgment. Thus, I evaluate Defendant's motion under Rules 60(b)(1) and 60(b)(6).

Relief under Rule 60 is, in general, "'extraordinary and may only be granted in exceptional circumstances.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 [10th Cir. 1996].) More specifically:

> a motion to reconsider would be appropriate where, for example, the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the [c]ourt.

*United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 [E.D. Va. 1983]), *cert. granted and judgment vacated on other grounds*, 502 U.S. 1 (1991).  Rule 60(b)(1) motions "provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  *Id.*  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *Cashner*, 98 F.3d at 579 (citing *Pierce v. Cook & Co.*, 518 F.2d 720, 722 [10th Cir. 1975]); *see Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1124 (D. Colo. 2000) (describing Rule 60[b][6] as a "catch-all provision" allowing courts to reconsider prior orders).

In its July 11, 2005 motion for summary judgment, Defendant argued that (1) the notice requirement in Colorado Revised Statutes section 10–4–110.5 did not apply; (2) the NDEE did not effect a reduction in Plaintiff's coverage benefits; and (3) a material change in the risk supporting its issuance of the NDEE.  (Def.'s Mot. for Summ. J. at 8–24.)  In its motion presently before the court, Defendant impermissibly offers slightly enhanced recapitulations of the same arguments, in the same order.  (Def.'s Br. at 3–10.)

The Tenth Circuit has held:

Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.

*Cashner*, 98 F.3d at 577.  Similarly, a motion under Rule 60(b)(6) "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Bartholic*, 140 F. Supp. 2d at 1124.  Indeed, as courts in the Tenth Circuit have repeatedly found, "a motion to reconsider is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *U.S. v. Schaeffer*, No. Civ. A. 97–N–1114, 2000 WL 320665, *1 (D. Colo. Feb. 24, 2000).[1]  With these principles in mind, I briefly address Defendant's arguments in turn.

In my March 31, 2006 order, I determined that Colorado Revised Statutes section 10–4–110.5 was applicable in the instant case because the NDEE constituted a reduction of coverage benefits effective upon renewal of Plaintiff's policy with Defendant.[2]  (Order at 15–18.)

_____

[1] *See also Medina v. Bd. of County Comm'rs, Alamosa County, Colo.,* No. Civ. 04–CV–01107–REB–CBS, 2005 WL 1798452, *1 (D. Colo. July 27, 2005) (denying a motion for reconsideration where "defendant's motion does little more than disagree with [the court's] prior ruling"); *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."); *All West Pet Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co.*, 847 F.Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider . . . may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.")

[2] Section 10–40–110.5 governs notice of intent prior to a unilateral decrease in coverage previously provided by insurance policies and provides, in relevant part:
(1) [n]o insurer shall . . . decrease the coverage benefits on renewal of a policy of insurance that provides coverages on commercial exposures such as . . . automobile liability . . . unless the insurer mails by first-class mail to the named

-7-

In its present motion, Defendant argues that section 10–4–110.5 does not apply because

Defendant issued the NDEE during the term of the policy, not upon renewal.  (Def.'s Br. at 4–6.)

Notably, in its motion for summary judgment, Defendant argued as follows, *verbatim*:

> [b]ecause the NDEE signed by [Plaintiff's employee] Michael Montoya was
> retroactive, in effect, to the renewal date, November 17, 2001, the [c]ourt may
> determine that subsection one of the statute applies because of [Defendant's] intent
> to include [Dodson] as an excluded driver from the inception date of the renewal
> policy.

(Def.'s Mot. for Summ. J. at 14.)  As stated above, Rule 60 does not provide "a method for

obtaining a second bite at a previously unsuccessful apple."  *Hannah*, 200 F.R.D. at 654.

Defendant's argument is not merely a proverbial "second bite" at the apple.  Rather, it is a wholly

disingenuous proffer, with which Defendant has flouted well-established law and unnecessarily

consumed judicial resources.

Defendant's second argument is equally disingenuous.  Defendant argues that section

110.5 does not apply because the NDEE did not decrease Plaintiff's "coverage benefits," a term

which Defendant defines as "the list of benefits found in the policy."  (Def.'s Br. at 5.)  In its

opposition brief to Plaintiff's motion for summary judgment, Defendant argued that a decrease in

"coverage benefits" only signified an actual reduction or decrease in the "coverage limits."

(Def.'s Resp. to Pl.'s Mot. for Summ. J. at 23.)  This is relevant as more than a mere exercise in

semantics, as Defendant goes to great lengths to distinguish the terms "coverage" and "benefits."

---

      insured, at the last address shown in the insurer's records, at least forty-five days in
      advance a notice.
Colo. Rev. Stat. § 10–4–110.5 (2006).

(*Id.*; Def.'s Br. at 5.)  Indeed, Defendant's most specious argument relates to its distinction of these terms.  Defendant rightly notes that motions for reconsideration are appropriate where there has been, *inter alia*, "an intervening change in the law." *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  Ostensibly to evince such a change, Defendant cites two instances in which the Colorado Supreme Court and Colorado Court of Appeals "use[] the terms 'coverage' and 'benefit' in the disjunctive," which, Defendant argues, proves that the terms have different meanings.  (Def.'s Br. at 6.)  Poignantly, neither case defines the terms or deals even remotely with NDEEs or Colorado Revised Statutes section 10–4–110.5. *Usick v. Am. Family Mut. Ins. Co.*, No. 04CA1943, 2006 Colo. App. LEXIS 69 at *18 (Jan. 26, 2006); *Trigg v. State Farm Mut. Auto. Ins. Co.*, 129 P.3d 1099, 1102 (Colo. Ct. App. 2005).[3]  Indeed, *Usick* deals with exclusion of certain preexisting conditions from health insurance coverage, *Trigg* deals with the relationship back doctrine in connection with an uninsured motorist coverage claim. *Usick*, No. 04CA1943, 2006 Colo. App. LEXIS 69; *Trigg*, 129 P.3d at 1099.  It is thus markedly difficult to ascertain the existence of the "new case law . . . as to what constitutes 'benefits'" to which Defendant refers.

Just as those that came before it, Defendant's third argument is merely a doctored reiteration of its argument in its motion for summary judgment.  By statute, a reduction in coverage benefits is appropriate where there has been a "substantial change in the exposure or risk other than that indicated in the application and underwritten as of the effective date of the policy

---

[3]Given that Defendant provides no pinpoint citations to these cases, I offer citations to which I assume Defendant refers.

unless the insured has notified the insurer of the change and the insurer accepts such change." Colo. Rev. Stat. § 10–4–110.5 (2006).  Defendant argues that Dodson's employment status represented a substantial change in Defendant's exposure to risk.  (Def.'s Br. at 8–10.)  More specifically, Defendant argues that in January 2002, Plaintiff represented to Defendant that Dodson would be terminated, but such termination never took place.  (*Id.* at 8.)  Rather nonsensically, Defendant then argues that Dodson's status went from "[active] driver in October 2001, to terminated driver in January 2002, to active driver again in February 2002."  (Def.'s Br. at 10.)  In its motion for summary judgment, Defendant argued that its discovery of Dodson's motor vehicle record ("MVR") in January 2002 represented a substantial change in Defendant's exposure to risk.  (Def.'s Mot. for Summ. J. at 12–17, 18.)  In my March 31, 2006 order, I determined that no such change had taken place because Defendant had constructive knowledge of the MVR, because Defendant's agent received the MVR two months before the renewal of Plaintiff's policy.  (Order at 19–21.)  In its present motion, Defendant offers no new facts, no change in law, and no evidence of mistake or misapprehension on the part of the court to refute my prior conclusion.  As discussed above, a motion for reconsideration does not serve to provide an opportunity "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Defendant's tautological argument is yet another forbidden attempt at a proverbial second bite of the apple, which must be denied.

***3.***      ***Conclusions***

Based on the foregoing it is therefore ORDERED that:

1.      Defendant's motion for reconsideration (# 40) is DENIED.

Dated this 28th day of April, 2006.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge